IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHERRIE JOHNSON, as administratrix )
of the Estate of ALQUWON JOHNSON, )
deceased, )
               Plaintiff, )
v. )
                                  )   Case No. 2:12cv392-WHA
RYAN CONNER; SONA MAYO; )
BARBOUR COUNTY; GEORGE PARHAM;)      (wo)
BARBOUR COUNTY COMMISSION, et al., )
                                  )
              Defendants. )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on two Motions to Dismiss by Barbour County (Doc. #1-5) (Doc. #1-6), a Motion to Dismiss filed by Ryan Conner and Sonya Mayo (Doc. #1-7),[1] a Motion for Partial Dismissal filed by all Defendants (Doc. #7), and a Motion to Dismiss Second Amended Complaint filed by Defendants Barbour County and Barbour County Commission (Doc. #8).

The Plaintiff filed a Complaint and two amended Complaints in the Circuit Court of Barbour County, Alabama, Clayton Division. In the Second Amended Complaint, filed on March 30, 2012, she brings a claim for negligence, willfulness and wantonness pursuant to the Alabama Wrongful Death statute against the individual Defendants (Count One), a claim for negligent hiring, training, and supervision (Count Two), a claim for violation of *Ala. Code* § 14-

---

[1] The Motions to Dismiss filed in state court were filed before the Second Amended Complaint, were directed to the Amended Complaint, and are, therefore, due to be DENIED as moot.

6-16 by individual Defendants (Count Three), a claim for violation of *Ala. Code* § 14-6-16 by Barbour County and Barbour County Commission (Count Four), claims asserted pursuant to 42 U.S.C. § 1983, § 1988 against individual Defendants (Counts Five, Six, Seven), a claim asserted pursuant to 42 U.S.C. § 1983 against Barbour County and the Barbour County Commission (Count Eight), and a state law Wrongful Death claim against fictitious Defendants (Count Nine). In the caption of the Second Amended Complaint, the Plaintiff identifies as Defendants Ryan Conner, Sonya Mayo, Barbour County, and multiple fictitious Defendants. In the identification of the parties section, however, she also identifies as Defendants Captain George Parham and the Barbour County Commission. She identifies the fictitious parties as being the persons who supervised jail personnel, among other duties; the correctional officers, nurses, and jail staff on duty at the Barbour County jail between January 31, 2011 and June 4, 2011; and the persons responsible for the care of the decedent while an inmate at the Barbour County Jail.

After the Second Amended Complaint was filed, the Defendants then filed a Notice of Removal on April 30, 2012, stating that this court has federal question subject matter jurisdiction. No Motion to Remand was filed, and the court has federal question jurisdiction over the federal claims, and supplemental jurisdiction over the state law claims.

After the case was removed to this court, the Motion for Partial Dismissal was filed by all Defendants, and a Motion to Dismiss Second Amended Complaint was filed by Defendants Barbour County and Barbour County Commission.

For reasons to be discussed, the partial Motion to Dismiss is due to be DENIED and the Motion to Dismiss Second Amended Complaint is due to be GRANTED in part and DENIED in part.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  See *Ashcroft v. Iqbal,* _ U.S. _, 129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*. (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

The allegations of the Plaintiff's Second Amended Complaint, relevant to the Motions to Dismiss by Barbour County and the Barbour County Commission, are as follows:

This case arises from the death of an inmate in Barbour County Jail.  The Plaintiff, Sherrie Johnson, alleges that her son, Alquwon Johnson ("Decedent Johnson"), suffered from a documented history of mental illness.  She alleges that he was arrested and taken to the Barbour County Jail on January 31, 2011.  He remained in jail until his suicide on June 4, 2011.

3

Defendant Ryan Conner ("Conner") is the Jail Administrator for the Barbour County Jail. Defendant Sonya Mayo ("Mayo") is an employee of the Barbour County Jail. She is alleged to be the officer in charge of the Special Needs Unit at the time of Decedent Johnson's detention. Defendant George Parham ("Parham") is a jailer at the Barbour County Jail.

The Second Amended Complaint alleges that Defendants Conner and Parham knew that Decedent Johnson had a history of mental issues, and that the state court had ordered a psychiatric evaluation for Johnson. The jail's file indicated that Johnson was under a psychiatrist's care and taking psychoactive medications. The Plaintiff had also gone to the jail and advised Parham that Decedent Johnson had a doctor's appointment because he was suffering from depression and needed to get back on medication.

The Second Amended Complaint alleges that Conner, Parham, and Mayo were responsible for administering Decedent Johnson's medicine, but failed to ensure that he took his medicine on a daily basis.

On May 5, 2011, while in the general population of the jail, Decedent Johnson displayed a hostile demeanor and was moved to a private holding cell toward the front of the jail.

On May 6, 2011, Decedent Johnson attempted to commit suicide with a bed sheet, and Parham placed him on suicide watch. His holding cell was stripped of bed linens and a mattress until bed time. Decedent Johnson was not taken to a medical doctor for treatment.

The Second Amended Complaint alleges that the Policy and Procedures Manual of the Jail was not followed.

Decedent Johnson was then moved to a Special Needs Unit cell. Parham, Conner, and Mayo were aware of the attempted suicide on May 6, 2011.

The Second Amended Complaint alleges that, according to Mayo, Decedent Johnson would sometimes skip or refuse to take his prescribed medicine, or the jail would not have the medication available.

On June 3, 2011, Decedent Johnson was placed on lock down for a rule violation, which meant that the cell door was kept closed, making it difficult for anyone to see in the cell. The bedding was not removed from the cell.  On June 4, 2011, while on lock down in his cell, Decedent Johnson hanged himself with a bed sheet.

The Second Amended Complaint alleges that the Barbour County Jail was understaffed, did not have video surveillance equipment, and that Barbour County failed to properly fund medical treatment.

### IV.  DISCUSSION

A.  Motions to Dismiss Second Amended Complaint by Barbour County and Barbour County Commission

Barbour County and the Barbour County Commission ("the County Defendants") have moved to dismiss the claims against them in the Second Amended Complaint on the ground that Barbour County and its Commission cannot be held liable for claims arising from the operation of the Barbour County Jail.  The County Defendants contend that the allegations of the Second Amended Complaint are that an inmate committed suicide because the jail staff failed to provide him with necessary medication, to ensure his mental illness was treated by a professional, and placed him in isolation with bedding he later used to hang himself.  They state that these alleged actions are issues of jail operation.  The County Defendants cite to precedent for the proposition that Alabama counties only are responsible for building, maintaining, and funding jails, not for

the operations of the jail. *See Marsh v. Butler County*, 268 F.3d 1014, 1026 (11th Cir. 2001). Therefore, the County Defendants contend, they cannot be held liable for the violations alleged in the Second Amended Complaint. They specifically move to dismiss the state law claim in Count Four and the federal claim in Count Eight of the Second Amended Complaint.

Count Four of the Second Amended Complaint alleges a negligent, wanton, or reckless violation of state statutory duties to fund medical treatment in the form of medicines and medical attention. Second Amended Complaint at ¶ 68-70. Count Eight seeks to hold the County Defendants liable for a constitutional violation through deliberate indifference to Decedent Johnson's needs by failing to properly fund medical treatment, provide for video and surveillance equipment, and by failing to fund the jail so as to provide sufficient jail staff. *Id.* at ¶¶103-110.

In response to the Motion to Dismiss, the Plaintiff argues that the claims in Counts Four and Eight do not seek to hold Barbour County and the Barbour County Commission liable for actions which constitute jail administration, but instead allege claims based on duties which are owed by those Defendants. The Plaintiff cites *Shaw v. Coosa County Comm'n*, 330 F. Supp. 2d 1285 (M.D. Ala. 2004) and *Gaines v. Choctaw Co. Comm'n*, 242 F. Supp. 2d 1153 (S.D. Ala. 2003), to demonstrate that the allegations of the Second Amended Complaint state claims against the County Defendants.

In *Shaw*, which relies on *Gaines*, another judge of this court reasoned that under Alabama law, counties have duties with respect to jails which include funding, providing facilities to house the jail, paying for clothing and bedding at the jail, and also providing medicines and medical attention to those who are unable to provide for themselves. *Shaw*, 330 F. Supp.2d at 1288 (Fuller, J.). The court found that a claim for failure to fund medical treatment in an Alabama jail

established a basis for liability against a county. *Id.* at 1289.  *Shaw* did not address any issue of video surveillance.  In *Gaines*, the court found that the allegation of a failure to provide for video monitoring was not alleged to be a cause of the decedent's death, and so did not state a claim under state law. *Gaines*, 242 F. Supp. 2d 1161.  There apparently was no federal claim based on a failure to provide for video equipment asserted in the case. *Id.* at 1163.[2]

*Gaines* relied in part on *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2011) (*en banc*).  In *Marsh*, the Eleventh Circuit explained that a local government can be directly responsible for a constitutional violation for acts for which the government is responsible, and the failure to perform certain duties can constitute deliberate indifference to a substantial risk of harm. *Id.* at 1027.  In *Marsh*, the plaintiffs alleged that faulty locks on cell doors, a dilapidated physical structure, and a lack of video or audio surveillance posed a substantial risk of harm to jail inmates, and was known to the county. *Id.*  The court stated that it

> accept[s] that conditions in a jail facility that allow prisoners ready access to weapons, fail to provide an ability to lock down inmates, and fail to allow for surveillance of inmates pose a substantial risk of serious harm to inmates.  In addition, Plaintiff's allegations that the County received many reports of the conditions but took no remedial measures is sufficient to allege deliberate indifference to the substantial risk of serious harm . . . .

*Id.* at 1028.

Within the analytical framework provided by *Marsh*, and the persuasive decisions of *Shaw* and *Gaines*, the court will address the factual bases for claims in Counts Four and Eight in

---

[2] As noted above, the Plaintiff does not allege a violation of state law in a failure to provide for surveillance equipment.

this case.[3]  The court begins with the claim based on an alleged failure to provide funding for surveillance equipment, which is only asserted in Count Eight, and then will address the claims for failure to provide for medical attention, medication, and staff, which are asserted as the bases for both the state law claims in Count Four and the federal claims in Count Eight.

          1.  Claim Based on Lack of Funding for Surveillance Equipment

The County Defendants state that the Plaintiff's allegation regarding the failure to fund surveillance equipment does not show a plausible claim because the County Defendants are not required to purchase equipment to monitor suicidal inmates.  They also argue that the Constitution does not require that all areas be monitored, or that a suicidal inmate be continuously monitored.

The Plaintiff has not pointed to authority for, and the court is not aware of, a requirement that counties provide surveillance equipment in jails.  In the Second Amended Complaint, the Plaintiff has alleged that Decedent Johnson was not given the medicine he needed, and was placed in a cell which was not monitored.  While it may be that a county which is aware of a combination of such conditions can be held liable for failing to fund surveillance under certain circumstances, *see Marsh*, 268 F.3d 1014, 1027, there is no allegation of knowledge on the part of Barbour County or the Barbour County Commission in this case.  *Id.* at 1028.  Therefore, the court cannot conclude that the allegations of the Second Amended Complaint show a plausible

---

[3] The County Defendants argue that the *Shaw* and *Gaines* cases cannot be applied in this case because those cases were decided before *Iqbal* and *Twombly* and did not use the applicable pleading standard.  Of course, the sufficiency of the pleadings in this case must satisfy *Iqbal* and *Twombly*, but the legal analysis of the type of claims which may proceed against counties, as set forth in *Shaw* and *Gaines*, is not undermined by the use of a different pleading standard to evaluate the factual allegations.  The County Defendants do not address the *Marsh* decision.

claim of deliberate indifference based on the failure to fund surveillance equipment in the Barbour County Jail. That aspect of the claim in Count Eight is, therefore, due to be dismissed.

### 2. Claims Based on Failure to Provide Medical Treatment

The Plaintiff has alleged that Barbour County and the Barbour County Commission did not properly fund medical treatment. Second Amended Complaint at ¶ 104. The Plaintiff has cited to state law requiring that medical treatment be provided, *Ala.. Code* § 14-6-19, to establish that there is a duty to provide necessary medicines and medical attention.[4] The court will address each of these separately.

#### a. Medical Attention

With respect to the claim based on failure to provide medical attention, the Plaintiff has alleged that Decedent Johnson was never given proper psychological care, even though the Barbour County Jail had a contract with Spectracare to treat inmates. Second Amended Complaint at ¶ 44. The Plaintiff also alleges that Defendant Parham was told that Decedent Johnson needed to keep a doctor's appointment. *Id.* at ¶ 21. The Plaintiff has also alleged that Defendant Conner failed to get Decedent Johnson the medical treatment required after his first suicide attempt. *Id.* at ¶ 35.

The County Defendants argue that the allegations that they did not provide funding for medical treatment are conclusory, and that the allegations concern administration by jail

---

[4] *Ala. Code* § 14-6-19 provides as follows:
Necessary clothing and bedding must be furnished by the sheriff or jailer, at the expense of the county, to those prisoners who are unable to provide them for themselves, and also necessary medicines and medical attention to those who are sick or injured, when they are unable to provide them for themselves.

personnel, not a funding issue. They further state that the allegation in the Second Amended Complaint that Decedent Johnson was not provided with proper psychological care even though there was a contract with Spectracare demonstrates that care was provided for by the County, but not administered by jail personnel.

The court agrees that, even though there is a duty on the part of the County Defendants to provide funding for medical attention for inmates, there are no alleged facts to show a plausible claim of deliberate indifference on the part of the County Defendants on that basis in this case. The allegations regarding medical attention are statements of failure of individual Defendants, such as Parham and Conner, to provide medical attention. There are no facts to show a plausible claim that Decedent Johnson was not treated by medical personnel because of a lack of funding. The Motion to Dismiss is, therefore, due to be GRANTED as to the claims in Counts Four and Eight based on a failure to provide funding for medical attention.

b.  Necessary Medicines

With respect to the claim based on providing necessary medicines, the Plaintiff has alleged that Decedent "Johnson did not receive his medication as required . . ." by law. Second Amend Complaint at ¶¶ 68, 69, 105, and 106. The Second Amended Complaint alleges that Johnson's jail file stated that he was taking psychoactive medications. *Id.* at ¶ 21. The Plaintiff has alleged that Johnson was unable to provide the medication for himself. *Id.* at ¶ 63. The Second Amended Complaint further alleges that "[a]ccording to Defendant Mayo," the Defendant responsible for the Special Needs Unit in which Decedent Johnson was housed, sometimes "the jail would not have the medication available." *Id.* at ¶ 38. The Plaintiff has also identified previous complaints by an inmate who states that he was denied appropriate

medication. *Id.* at ¶ 16.

These allegations of the Second Amended Complaint include facts which relate to the County Defendants' duty to fund necessary medicines. The Plaintiff has alleged that Johnson did not receive medication as required by the law, that Mayo has stated there were times when the jail would not have the medication available for Decedent Johnson, and that there were previous complaints by an inmate that he was denied medication for mental illness. There are facts alleged in the Second Complaint, therefore, which go beyond allegations of administration of the jail, and allege a plausible claim under state law for violation of a duty, and for deliberate indifference by the County Defendants in an area in which they owed a duty. This is sufficient to advance the case beyond this stage, to allow factual development. The Motion to Dismiss is, therefore, due to be DENIED as to the claims in Counts Four and Eight based on a failure to provide necessary medicines.

### 3. Claim Based on Lack of Funding for Staff

Finally, the County Defendants state that the allegation of lack of funding for jail staff does not show there is a plausible claim because it is conclusory, and states no more than a mere possibility that additional staffing would have prevented the decedent from committing suicide. The court agrees that the Second Amended Complaint is conclusory with regard to the lack of staffing, and does not state a plausible claim based on lack of funding for staff. Therefore, the Motion to Dismiss is due to be GRANTED as to the staffing aspect of the claims in Counts Four and Eight.

The court notes that the Plaintiff has already amended her original Complaint twice and, in doing so, has had the opportunity to refine allegations regarding the alleged role of the County

Defendants in Decedent Johnson's death. If, however, the Plaintiff contends that there are additional facts which can be pleaded within the requirements of Federal Rule of Civil Procedure 11, and which would show that there is a plausible claim for relief based on the theories of lack of funding for surveillance equipment, medical attention, and staff, the Plaintiff may again amend her Complaint, within the time to be allowed by this court's Order below.

### B. Partial Motion to Dismiss

All Defendants seek dismissal of the fictitious parties in this case stating that the use of such designations is improper in federal court. In response, the Plaintiff cites cases standing for the proposition that "plaintiffs can use fictitious names for real defendants when it appears that, for example, discovery will reveal the defendant's actual name." *Mann v. Darden*, 630 F. Supp. 2d 1305, 1312 (M.D. Ala. 2009) (citing *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir.1992)). The Plaintiff seeks to retain these Defendants for purposes of relation back to the time of filing. *See id.* Because the issues have not been raised, the court will not decide at this point in the case whether the Plaintiff will be able to satisfy the relation back rule based on the identification of the Defendants she has provided in the Second Amended Complaint, *see id.* at p. 13-14, or whether her designation is otherwise sufficient, but declines to dismiss the fictitiously named Defendants merely because they are named as fictitious defendants.

### V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motions to Dismiss by Barbour County (Doc. #1-5) and (Doc. #1-6) are DENIED as moot.

2. The Motion to Dismiss filed by Ryan Conner and Sonya Mayo on April 30, 2012 (Doc. #1-7) is DENIED as moot.

3. The Motion for Partial Dismissal filed by all Defendants (Doc. #7) is DENIED.

4. The Motion to Dismiss Second Amended Complaint filed by Defendants Barbour County and Barbour County Commission (Doc. #8) is GRANTED as to the claims in Count Four for failure to provide funding for medical attention, and in Count Eight for failure to provide funding for surveillance equipment, medical attention, and staff, and those claims are DISMISSED without prejudice.

5. The Motion to Dismiss Second Amended Complaint filed by Defendants Barbour County and Barbour County Commission (Doc. #8) is DENIED as to the claims in Counts Four and Eight based on failure to provide funding for necessary medicines.

6. If the Plaintiff seeks to plead additional facts in attempt to state a plausible claim in Count Four for failure to provide funding for medical attention, and in Count Eight for failure to provide funding for surveillance equipment, medical attention, and staff, consistent with this Memorandum Opinion and Order, she should file a Third Amended Complaint, complete unto itself, with no incorporation of any other pleading by reference, no later than **July 6, 2012.** *See* M.D. Ala. Local R. 15.1.

If no Amended Complaint is filed, the case will proceed as pleaded in the Second Amended Complaint against all individual Defendants, and will proceed against Barbour County and the Barbour County Commission only on the state law claim in Count Four and the § 1983 claim in Count Eight based on an alleged failure by Barbour County and the Barbour County Commission to provide funding for the jail to provide Johnson's necessary medicines needed to

treat his mental illness.

Done this 22nd day of June, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE