IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHERRIE JOHNSON, as administratrix )
of the Estate of ALQUWON JOHNSON, )
deceased, )
               Plaintiff, )
v. )
                              )   Case No. 2:12cv392-WHA
RYAN CONNER; SONYA MAYO; )
BARBOUR COUNTY; GEORGE PARHAM;)      (wo)
BARBOUR COUNTY COMMISSION, et al., )
                              )
              Defendants. )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendant Ryan Conner's Motion to Dismiss Plaintiff's Restated Count Five Against Defendant Conner (Doc. #47).

The Plaintiff, Sherrie Johnson, as Administratrix of the Estate of Alquwon Johnson ("Decedent Johnson"), filed a Complaint and two amended Complaints in the Circuit Court of Barbour County, Alabama, Clayton Division. After the Second Amended Complaint was filed, adding federal law claims, the Defendants filed a Notice of Removal. The court has federal question jurisdiction over the federal claims, and supplemental jurisdiction over the state law claims.

In ruling on Motions to Dismiss a Third Amended Complaint filed after the case was removed to this court, the court allowed a state law wrongful death claim based on negligent, wanton and/or reckless training and/or supervision to proceed against Defendant Ryan Conner ("Conner")(Count Two), but ordered that the Plaintiff be allowed to file a restated Count Five, setting forth a factual basis for her federal law claim of supervisor liability against Conner,

because a federal law claim requires a much different analysis.

The Plaintiff filed Restated Count Five Against Defendant Conner on September 19, 2012, which asserted a § 1983 claim of supervisory liability against Conner.  Conner filed the instant Motion to Dismiss on October 1, 2010 (Doc. #47).

Upon consideration of the Restated Count Five Against Defendant Conner, the motion and briefs, and for reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  See  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

The allegations of the Plaintiff's Restated Count Five Against Defendant Conner are as follows:

Conner is the Jail Administrator for the Barbour County Jail. The Barbour County Jail has in place a Policy and Procedure Manual ("the Manual"). Conner is responsible for ensuring the Manual is followed. Conner is also responsible for making sure that jail staff are properly trained and supervised in the requirements of the Manual. The Manual specifically addresses inmate mental health issues and suicide prevention.

The Plaintiff alleges in Restated Count Five that Conner knew or should have known that the jail staff did not follow the Manual when they failed to administer medications, provide psychiatric treatment, evaluation, or provide medical treatment to Decedent Johnson; failed to provide immediate face to face psychiatric evaluation following the May suicide attempt; failed to recognize Decedent Johnson as a suicide risk; failed to check on Decedent Johnson every 15 minutes until he was seen by a mental health professional; and failed to properly file incident and behavioral reports regarding Johnson's condition. (Doc. #42 at ¶ 5).

The Plaintiff further alleges that Conner has stated that he was responsible for training the jailers, that jailers do not receive regular training designed to assist in preventing suicides, that the only training jailers receive regarding mental health issues or suicidal inmates is "just pretty much what they've learned in the past" through experience, and that there is currently no onsite training regarding suicidal inmates. (*Id.* at ¶ 8-11). The Plaintiff then alleges that Conner chose not to train jailers on suicide prevention as required in the Manual. (*Id.* at ¶12).

The Plaintiff further alleges that jail employee Sonya Mayo ("Mayo") has testified that she never received training regarding how to deal with attempted suicides or inmates with mental problems. The Plaintiff alleges that Mayo states that she had never heard that young, first-time offenders were high-risk inmates, she never went into Decedent Johnson's cell to see if there was

anything he could harm himself with, that Decedent Johnson was not checked on every 15 minutes while in the Special Needs Unit, that she is not aware of problems which could occur if inmates suffering from mental illness do not take their medications. (*Id.* at ¶ 14-18). The Restated Count Five attributes these failure to a "lack of training." (*Id.*)

## IV.  DISCUSSION

Supervisory personnel cannot be held liable under § 1983 for the actions of their subordinates under a theory of respondeat superior. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691(1978). Supervisory liability for a constitutional violation under federal law exists "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Braddy v. Florida Dep't of Labor & Empl. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998).

Through her restated Count Five, the Plaintiff has made it clear that she intends to rely on a theory of failure to adequately train to establish § 1983 supervisory liability on the part of Conner.

A supervisory official is not liable under § 1983 for an injury resulting from his failure to train subordinates unless his "failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact" and the failure has actually caused the injury of which the plaintiff complains. *Belcher v. City of Foley, Ala.,* 30 F.3d 1390, 1397 (11th Cir. 1994) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989) as "addressing the analogous situation of municipal liability under section 1983."). "Only when the failure to train amounts to deliberate indifference can it properly be characterized as the 'policy' or 'custom' that is

necessary for section 1983 liability to attach." *Id.* (citing *City of Canton*, 489 U.S. at 389).

To establish deliberate indifference, there must be a showing of "actual or constructive notice that a particular omission in their training program causes city employees to violate constitutional rights." *See Connick v. Thompson*, __ U.S. __, 131 S.Ct. 1350, 1360 (2011). The deliberate indifference standard is a stringent standard. *Id.* A "pattern of similar constitutional violations is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quotation and citation omitted). "As our precedent makes clear, proving that [supervisor] actually caused a violation by failing to train the offending employee presents a difficult standard of proof, and we must adhere to a 'stringent standard of fault,' lest . . . liability under § 1983 collapse into *respondeat superior*." *Id.* at 1365. As the Eleventh Circuit has explained, failure to train may constitute deliberate indifference "when the need for more or different training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right." *Belcher*, 30 F.3d at 1397-98 (citations and quotations omitted).

In this case, the Plaintiff has made factual allegations regarding training, but Mayo's lack of knowledge, the alleged knowledge by Conner of failures to follow the Manual only with respect to Decedent Johnson himself, and the other alleged training deficiencies as set forth above are not allegations of a pattern of constitutional violations.[1] "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have

---

[1] The Plaintiff's conclusory allegation that Conner was deliberately indifferent is not sufficient to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5

deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 131 S.Ct. at 1360.  The Plaintiff has, therefore, failed to adequately allege a § 1983 claim for supervisory liability against Conner and the Motion to Dismiss is due to be GRANTED.[2]

The Supreme Court has acknowledged a second way to prove deliberate indifference, in the absence of a pattern of constitutional violations, which it has described as "'single-incident' liability." *Id.* at 1361.  The Supreme Court has offered the following example:  a city that arms its police force, but then fails to train the officers in the limitations on the use of deadly force, could be deliberately indifferent to the "highly predictable consequence of violations of constitutional rights." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).  In the instant case, however, the Plaintiff does not seek to rely on a theory of liability that there was no training, (Doc. #59 at p.6, 8), and acknowledges that the allegations of Count Five as restated have not foreclosed that there was some training, there were policies in place at the jail for suicidal inmates, and the officers had training through experience.  The Restated Count Five, therefore, does not sufficiently allege "single incident liability." *See Connick*, 131 S.Ct. at 1363 (holding that the single-incident liability standard was not met, even though there was no training in a particular legal principle by the district attorneys' office, because the attorneys had legal training and professional responsibility requirements outside of that office).

---

[2] In her brief, the Plaintiff states that the court directed that she must plead facts to show that Mayo's training was improper, or that Conner knew or should have known that the level of training received by the jail staff was inadequate, but that she has shown both.  While the court's statement in the Order was in the disjunctive, it was a statement of two things which had not been alleged, not a statement that only one was required under the law.  (*See* Doc. #41).  Facts showing both must be pled, free of conclusory allegations.

## V.  CONCLUSION

For the reasons discussed, the Motion to Dismiss Count Five is due to be and is hereby ORDERED GRANTED.

Done this 8th day of November, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE